UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LEE KAUFMAN, Individually as ADMINISTRATOR OF THE ESTATE OF BRIANNA BAER, a minor, deceased and, DAMIEN W. KAUFMAN and JENNIFER LEE KAUFMAN, Individually and as ADMINISTRATORS OF THE ESTATES OF ABIGAIL KAUFMAN, a minor, deceased<br><br>*Plaintiffs*,<br><br>v.<br><br>**JETSON ELECTRIC BIKES, LLC**<br><br>and<br><br>**TARGET CORPORATION**<br><br>*Defendants.* | CIVIL ACTION NO:<br><br>5:22-cv-03765-JFL<br><br><br><br>JURY TRIAL DEMANDED |

**ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of Plaintiffs' unopposed Petition for Approval of Settlement for Claims Under the Wrongful Death Act and Survival Act, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion is hereby **GRANTED.**

**IT IS FURTHER ORDERED** and **DECREED** that the gross settlement proceeds of ▮▮▮▮▮▮▮▮ be distributed as follows:

| | |
|---|---|
| GROSS SETTLEMENT: | ▮▮▮▮▮▮ |
| TOTAL PAYABLE TO KLINE & SPECTER, PC | ▮▮▮▮▮▮ |
|     Payable to: Kline & Specter, PC<br>    Attorney's Fee: 40% Contingency Fee | ▮▮▮▮▮▮ |

1

| | |
|---|---:|
| Payable to: Kline & Specter, P.C. Reimbursement for costs | $286,332.49 |
| Medical Liens | $24,247.58 |

NET AMOUNT FOR DISTRIBUTION █████

**Estate of Abigail Kaufman, deceased (50% of net amount for distribution)** █████

Wrongful Death Claim (80%) █████

TO: Jennifer Lee Kaufman (50%) █████
*(Decedent's mother)*

TO: Damien Kaufman (50%) █████
*(Decedent's father)*

Survival Claim (20%) █████

TO: Jennifer Lee Kaufman and Damien Kaufman, Administrators of the Estate of Abigail Kaufman, deceased, to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted. █████

**Estate of Brianna Baer, deceased (50% of net amount for distribution)** █████

Wrongful Death Claim (80%) █████

TO: Jennifer Lee Kaufman (50%) █████
(*Decedent's mother*)

Survival Claim (20%) █████

      TO: Jennifer Lee Kaufman, Administratrix of the Estate of Brianna Baer, deceased to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted.[1]

    IT IS FURTHER ORDERED and DECREED that 50% of net distribution amount attributable to the death of Brianna Baer under the Wrongful Death Action, a total of ▮▮▮▮▮▮▮▮, be placed in an interest-bearing escrow account pending the Court's ruling on Plaintiffs' motion for determination of the beneficiary status of Joseph T. Blose, to be distributed subject to further Order of this Court.

**BY THE COURT:**

_____
                                                                J.

---

[1] Distributions of the net distributable estate shall be held in escrow pending the Court's ruling on Plaintiffs' motion for determination of beneficiary status of Joseph T. Blose under Wrongful Death Act, 42 Pa.C.S. § 8301 and the Survival Act, 42 Pa.C.S. § 8302.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LEE KAUFMAN, Individually as ADMINISTRATOR OF THE ESTATE OF BRIANNA BAER, a minor, deceased and, DAMIEN W. KAUFMAN and JENNIFER LEE KAUFMAN, Individually and as ADMINISTRATORS OF THE ESTATES OF ABIGAIL KAUFMAN, a minor, deceased | CIVIL ACTION NO: 5:22-cv-03765-JFL |
| *Plaintiffs*, v. | JURY TRIAL DEMANDED |
| JETSON ELECTRIC BIKES, LLC and TARGET CORPORATION *Defendants.* | |

**PETITION FOR APPROVAL OF SETTLEMENT**

Pursuant to Local Rule 41.2 (a), Minors, Incapacitated Persons, and Decedents' Estates, Petitioners, Jennifer Kaufman and Damien Kaufman, as Co-Administrators of the Estate of Abigail Kaufman, Deceased and Jennifer Kaufman, Administratrix of the Estate of Brianna Baer, Deceased, by and through the undersigned counsel, Kline & Specter, PC, respectfully request that this Honorable Court approve this settlement for the compensatory sum of ███████████ ████████████████████████, allocate the settlement proceeds as between the Plaintiffs' claims under the Wrongful Death Act and the Survival Act, and approve Plaintiffs' counsel's fees and reimbursement of litigations costs. Petitioners aver as follows:

1.  As a preliminary matter, this petition is ripe for the Courts review. The parties have fully resolved the litigation. All settlements funds are currently held in escrow and await

distribution. Regarding the distribution of those proceeds, no dispute exist about the allocation of settlement proceeds equally between the estates of Abigail Kaufman and Brianna Baer, or the allocation of proceeds as between the Wrongful Death Act and the Survival Act. No disputes exist concerning liens, attorneys' fees, or the reimbursement of costs. No disputes exist concerning distribution of proceeds relating to the death of Abigail Kaufman. A limited dispute exists concerning the distribution of proceeds relating to the death of Brianna Baer, as set forth in Plaintiffs' motion for determination of the beneficiary status of Joseph Blose. While the motion remains pending, Plaintiffs respectfully suggest that the disputed sum (half of the net amount for distribution attributable to Ms. Baer's death) be placed into escrow pending further order of the Court. This approach enables the approval of the settlement in the aggregate and the distribution of all non-disputed funds, which can occur promptly because all settlement funds are held in escrow.

**A.     Abigail Kaufman**

2.      Plaintiff-Petitioner, Jennifer Kaufman, is an adult citizen of the Commonwealth of Pennsylvania and currently resides at 1033 Roundhouse Road, Kintnersville, PA 18930.

3.      Plaintiff-Petitioner, Damien Kaufman, is an adult citizen of the Commonwealth of Pennsylvania and currently resides at 1033 Roundhouse Road, Kintnersville, PA 18930.

4.      Abigail Kaufman was born on June 22, 2011, and died intestate on April 1, 2022.

5.      Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman are Abigail Kaufman's biological parents.

6.      Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman, were appointed as the administrators of the Estate of Abigail Kaufman, deceased, on June 8, 2022, by the Register of Wills of Northampton County in the Commonwealth of Pennsylvania. *See* Short Certificate

(attached as Exhibit "A").

7. As Jennifer Kaufman and Damien Kaufman are the biological parents of Abigail Kaufman, they are Abigail Kaufman's intestate heirs as provided in 20 Pa.C.S. §2101 *et seq.*

8. As Abigail Kaufman's biological parents, Jennifer and Damien Kaufman are Abigail Kaufman's sole beneficiaries pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, and the Pennsylvania Survival Act, 42 Pa.C.S. § 8302.

**B.    Brianna Baer**

9. Brianna Baer was born on September 22, 2006, and died intestate on April 1, 2022.

10. Plaintiff-Petitioner, Jennifer Kaufman is the biological mother of Brianna Baer, deceased minor.

11. Joseph T. Blose is the biological father of Brianna Baer.

12. As Jennifer Kaufman and Joseph T. Blose are the biological parents of Brianna Baer, they are Brianna Baer's intestate heirs as provided in 20 Pa.C.S. § 2101 *et seq.*

13. Brianna Baer's biological parents are Brianna's sole beneficiaries pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, and the Pennsylvania Survival Act, 42 Pa.C.S. § 8302.

14. Jennifer Lee Kaufman was appointed as the Administratrix of the Estate of Brianna Baer, deceased by the Register of Wills of Northampton County in the Commonwealth of Pennsylvania. *See* Short Certificate (attached as Exhibit "B").

15. During the course of the Decedent's life, Mr. Blose did not provide any financial or emotional support to Ms. Baer. He never saw Ms. Baer and was not even a remote presence in her life. On November 14, 2023, the Court held a hearing on Plaintiff' motion to determine whether Mr. Blose is entitled to receive proceeds from the settlement under either the Wrongful Death Act

or the Survival Act. Plaintiff respectfully request that the Court approve this Petition and order that 50% of the disputed net distribution amount under the Wrongful Death Action be held in escrow pending the Court's decision as to Mr. Blose's rights with respect to the portion of the settlement relating to Ms. Baer's death. Any distribution of the net distributable estate shall be held in escrow pending the Court's ruling on Plaintiffs' motion for determination of the beneficiary status of Joseph T. Blose under the Wrongful Death Act, 42 Pa.C.S. § 8301 and the Survival Act, 42 Pa.C.S. § 8302.

**C.     The litigation and settlement**

16.     Plaintiffs commenced litigation by filing a complaint in September 2022. As set forth in the Amended Complaint, this action arises out of a fatal fire that occurred on April 1, 2022, at 630 Linden Avenue, Hellertown, PA 18055 and that claimed the lives of Abigail Kaufman and Brianna Baer, who were ten and fifteen years old respectively at the time. The Amended Complaint alleged that this devastating fire was caused by a hoverboard designed and distributed by Jetson Electric Bikes, LLC ("Jetson") and sold exclusively at Target Corporation stores ("Target"). The Amended Complaint pleaded claims under the Wrongful Death Act and Survival Act on behalf of Jennifer Kaufman and Damien Kaufman, but not on behalf of Mr. Blose given his total lack of involvement in Brianna Baer's life. *See* Plaintiffs' Amended Complaint (attached as Exhibit "C"). Extensive discovery ensued following the commencement of litigation.

17.     On May 30, 2023, Plaintiffs reached a settlement with Defendants, Jetson Electric Bikes, LLC and Target Corporation for ███████████████████████ ███████. On June 22, 2023, Plaintiffs signed a release based on the terms of the settlement.

18.     Plaintiffs-Petitioners' counsel, Kline & Specter, PC, is of the opinion that the

4

settlement of this civil action is fair, reasonable, and represents a substantial recovery under the facts of this case and the applicable law. This case involved complex legal and scientific issues relating to a consumer product and the malfunction of electronics and lithium-ion batteries. This required critical analysis, substantial investigations, and zealous advocacy. The parties engaged in arm's length settlement negotiations supervised by Judge Pamela Carlos over a period of two-days to reach an agreement. The settlement represents a significant recovery by any measure.

19. Kline & Specter, PC has fully informed the Plaintiffs-Petitioners, Jennifer Kaufman and Damien Kaufman, of the terms and conditions of this proposed settlement, including the confidentiality of the settlement terms. Kline & Specter, PC has advised Plaintiffs-Petitioners that the proposed settlement of this civil action is fair and reasonable and represents a substantial recovery. Plaintiffs-Petitioners concur with this opinion.

20. No party receiving proceeds from this settlement is a minor or an incapacitated person. The only beneficiaries of the settlement are Plaintiffs-Petitioners. *See* Verification (attached as Exhibit "D").

21. Plaintiffs-Petitioners and their counsel respectfully request that the Court approve the gross settlement proposal of ██████████████████████████ ██████████ to be divided equally between the Estate of Abigail Kaufman, deceased and Estate of Brianna Baer, deceased.

22. Plaintiffs-Petitioners further request that the Court approve the following proportionate allocation of the net proceeds of the settlement, which has been approved by the Pennsylvania Department of Revenue, Bureau of Individual Taxes Inheritance Tax Division. *See* Letter from Bureau of Individual Taxes Inheritance Tax Division (attached as Exhibit "E").

  a. Wrongful Death Claim  80%

  b. Survival Act Claim  20%

  23. Pennsylvania law provides for the allocation of damages as between a Wrongful Death claim and Survival Act claim in proportion to the values of those claims. *Wilson v. Bensalem Township*, 367 A.2d 397 (Pa. Cmwlth. 1976); *Wexler v. Philadelphia*, 3 D.&C.2d 122 (Phila. O.C. 1955). A trial court has broad discretion in ordering this allocation. *Id*. Consistent with that discretion, trial courts have approved settlements allocating the bulk of a recovery to the Wrongful Death claim over the Survival Act claim where the evidence justified that result. *Smith v. Sandals Resorts Int'l, Ltd.*, 709 F. Supp. 2d 350, 358-59 (E.D. Pa. 2010), *aff'd*, 437 F. App'x 178 (3d Cir. 2011); *see also Short v. Pavlides,* 1999 WL 33932135 (Pa. Com. Pl. Apr. 16, 1999) (court allocated more than ninety percent of settlement to wrongful death award even though during the last six months of decedent's life she was in the intensive care unit suffering from blindness, dependency on a ventilator, and massive edema throughout her upper body).

  24. This case warrants an allocation of 80% of the settlement to the Wrongful Death claim. Under the Wrongful Death Act, enumerated members of a decedent's family are entitled recover for medical, funeral, and estate administration expenses occasioned by their decedent's death. They are entitled to recover for the "pecuniary loss occasioned to them through deprivation of the part of the earnings of the deceased which they would have received from him had he lived." *Hodge v. Loveland*, 690 A.2d 243, 245-46 (Pa. Super. 1997) (setting forth damages recoverable under 42 Pa.C.S. § 8301). Compensable damages under the Wrongful Death Act thus include "the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death." *Slaseman v. Myers*, 455 A.2d 1213, 1218 (Pa. Super. 1983). These recoverable losses include the "monetary contributions that the decedent would have contributed to his family's

support," and also an amount "that will fairly and adequately compensate [the decedent's] family for the monetary value of the services, society and comfort that he would have given to his family had he lived, including such elements as work around the home, provision of physical comforts and services, and provision of society and comfort." Pa. S.S.J.I. 7.220 (Civ.) (summarizing the elements of recovery available under the Wrongful Death Act).

25. Under Pennsylvania law, the concept of "services' under the Wrongful Death Act, also includes the loss of society and comfort occasioned by the death. *See Machado v. Kunkel*, 804 A.2d 1238, 1245 (Pa. Super. 2002) (explaining that "the definition of compensable services for the purpose of the [wrongful] death statute is similar to the definition of consortium as that term is applied in other negligence cases."). As the Superior Court has explained, the term "services" under the Wrongful Death Act "clearly extends to the profound emotional and psychological loss suffered upon the death of a parent or a child where the evidence establishes the negligence of another as its cause." *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010).

26. For the Kaufmans, Abigail and Brianna represented the emotional core of their family and the Kauffman have been devastated by their loss Indeed, Mrs. Kaufman testified in her deposition that she suffers from daily nightmares and insomnia resulting from this tragic incident and that she relives the event when she closes her eyes. *See* Deposition of Jennifer Kaufman, p. 115 (attached as Exhibit "F"). Mrs. Kaufman testified that she rarely leaves her home and has lost interest in social interactions with family and friends as a result of losing her children, who were most meaningful components to her life. *Id*. at pp. 115-116. Mr. Kaufman also suffers from nightmares and twitching as a result of the accident and that he has been diagnosed with Post-Traumatic Stress Disorder. *Id*. at p. 223. *Id.* at pp. 196-197 (Exhibit F). The profound emotional and psychological loss suffered by Mrs. Kaufman and Mr. Kaufman support a substantial

allocation of settlement proceeds under the Wrongful Death Act.

27. With respect to Brianna Baer, Jennifer Lee Kaufman is the only proper Wrongful Death beneficiary. Joseph T. Blose did not see Brianna Baer and had absolutely no contact with her throughout her 15-year lifetime. Mr. Blose did not pay child support and did not support Brianna in any way. Mr. Blose has been incarcerated most of Brianna's life and never even set eyes on Brianna. Mr. Blose has zero pecuniary interest in the life of Brianna and does not stand in a family relation to Brianna. Therefore, Mr. Blose should not be entitled to any Wrongful Death proceeds as argued in Plaintiffs' motion to determine beneficiary status. *See generally*, *Gaydos et al. v. Domabyl*, 152 A. 529 (Pa. 1930); *Manning v. Capelli*, 411 A.2d 252 (Pa. Super. 1979); *Berry v. Titus,* 499 A.2d (Pa. Super. 1985).

28. Under the Survival Act, an estate may recover the pecuniary loss suffered by the negligent act that caused the decedent's death. 42 Pa.C.S. § 8302; *Baumgart v. Keene Bldg. Products Corp.*, 633 A.2d 1189, 1192 (Pa. Super. 1993).

29. As noted above, Abigail Kaufman was 10 years old at the time of her death. She had a life expectancy of 70-80 years. Based on education, life, work life expectancies, future loss earning capacity, loss of fringe benefits, and personal maintenance expenses, the Survival Act recovery for Ms. Kaufman ranged between $1,818,953.00 and $3,307.730.00 depending on the level of education achieved during her lifetime. *See* Economic Reports of David Hopkins (attached as Exhibit "G").

30. As noted above, Brianna Baer was 15 years old at the time of her death. She had a life expectancy of 65-80 years. Based on education, life, work life expectancies, future loss earning capacity, loss of fringe benefits, and personal maintenance expenses, the Survival Act recovery for Ms. Baer ranged between $1,818,953.00 and $3,307.730.00 depending on the level

of education achieved during her lifetime. *Id*.

31. The damages recoverable under the Survival Act include a decedent's conscious pain and suffering and lost earnings capacity. *Id*. However, the Decedents were non-responsive when they were rescued from the fire. Both Decedents never regained consciousness and were pronounced deceased within hours. As a result, there are not provable significant non-economic damages in the case. The principal Survival Act damages arise from Ms. Kaufman's and Ms. Baer's economic damages. The bulk of the settlement is properly allocated to the Wrongful Death Act instead.

32. With respect to Brianna Baer, pursuant to the Survival Act, 42 Pa.C.S. § 8302, all proceeds allocated to Survival Act claims are to be distributed by the estate in accordance with the rules of intestate succession. *See* 20 Pa.C.S. § 2103(2). In present case, Jennifer Lee Kaufman is the only intestate heir of the Estate of Brianna Baer, deceased. Joseph T. Blose forfeited his right to share in the distribution of the settlement proceeds under the Survival Action because he deserted as he had no contact with Brianna and he neglected and failed to financially and non-financially support Brianna during her fifteen (15) years of her life, as set forth in Plaintiffs' motion to determine beneficiary status. *See* 20 Pa.C.S. § 2106(b)(1). As stated above, Mr. Blose did not see Brianna, had no contact with her throughout her lifetime, failed to pay child support and did not support the Brianna in any way. Mr. Blose is not entitled to receive from the Estate of Brianna Baer because he forfeited his right as he neglected to perform his duty to support and deserted Brianna during her lifetime. *See generally In re Estate of Teaschenko*, 574 A.2d 649, 651 (Pa. Super.1990).

33. Given the limited scope of the Survival Act damages and the profound Wrongful Death damages suffered by Mr. and Mrs. Kaufman, Plaintiffs respectfully request that the Court

allocate 80% of the net proceeds of the settlement to the Wrongful Death Act and the remaining 20% to the Survival Act. This allocation is both fair and reasonable under circumstances and recovery evidence presented by this case. As noted above, this allocation also has been approved by the Pennsylvania Department of Review. *See* Exhibit E.

**D.     Additional matters**

34.     Under Pennsylvania law, no Pennsylvania inheritance tax is due when the proceeds of a minor's estate pass solely to her natural parents. *See* 72 P.S. §9116(a)(1.2), amended 2000, May 24, P.L. 106, No. 23 §16, effective July 1, 2000 ("Inheritance tax upon transfer of property from a child twenty-one years of age or younger to or for the use of a natural parent, an adoptive parent or a stepparent of the child shall be at the rate of zero percent.").

35.     The Pennsylvania Department of Human Services ("DHS") does not have a lien against the decedent or any of the wrongful death beneficiaries. *See* Letter from DHS (attached as Exhibit "H").

36.     Equian LLC has asserted a lien in the amount of $24,427.58 (Abigail: $12,441.45; Brianna: $8,090.00; Damien: $2,634.77 and Jennifer: $1,261.36) as subrogation agent on behalf of Independence Blue Cross Family of Companies. *See* Letters from Equian LLC, attached as Exhibit "I". There are no other outstanding liens or reimbursement claims against the Estates and the proceeds of this case. Plaintiffs' counsel will coordinate reimbursement of these lien amounts.

37.     Plaintiffs' counsel has provided a copy of this Motion to Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman.

38.     Plaintiffs' counsel has confirmed that Defendants do not oppose this Motion.

39.     Plaintiffs-Petitioners retained the undersigned counsel on the basis a forty percent contingent fee on the gross recovery plus reimbursement of costs. *See* fee agreements (attached as

Exhibit "J"). Under the fee agreements, the attorney's fee is ▉▉▉▉▉▉▉▉. This fee is fair and reasonable given Plaintiffs' counsel's significant work in this matter coupled with the firm's experience in plaintiffs' personal injury litigation, both of which played a role in obtaining this exceptional recovery.

40. In furtherance of the paragraph above, Plaintiffs' counsel engaged in significant and complex discovery during the development of this case. Along with hard-fought written discovery, Plaintiffs' counsel were required to review many thousands of pages of documents. They deposed numerous witnesses including multiple first responders, fact witnesses, and corporate employees and designees. Plaintiffs' counsel retained and worked with numerous experts, including electrical engineers, lithium ion battery experts, and product warnings experts, to investigate defects in the product and the adequacy of its warnings. Plaintiffs' counsel also engaged in multiple site inspections of the fire damaged property and conducted a protracted lab examination of evidence removed from the property that was necessary to identify the product as well as develop the liability case. This included using cutting-edge technology to examine the lithium-ion batteries and other electrical components within the product. These efforts all were necessary to develop Plaintiffs' claims that the Defendants were negligent in their manufacture and marketing of the product and that the product lacked adequate warnings. During litigation, Plaintiffs' counsel also actively participated in and supported the Consumer Product Safety Commission's investigation into the product, which led to the official recall or the product and the product's removal from the market. *See* CPSC Recall (attached as Exhibit "K"). In addition to these considerable efforts, Plaintiffs' counsel expended significant amounts of time, money, effort to prepare the case for a trial scheduled to begin in September 2023. And Plaintiffs' counsel also participated in a two-day mediation before Magistrate Judge Carlos that led to an extraordinary

outcome. Plaintiffs' expenditure of over $286,000 during litigation illustrates the challenges and complexity of developing this case and bringing the case to a successful resolution. The financial commitment of Plaintiffs' counsel underscores counsel's commitment to their client and to achieving the result obtained here. In addition to the foregoing, the clients benefitted from the reputation and significant achievements of Kline & Specter as a law firm over its nearly thirty years of existence, as well as of Thomas R. Kline, who was lead trial counsel, along with Mr. Dunbar, Mr. O'Neill and Mr. Becker. The extraordinary result in this case justifies the 40% fee that Plaintiffs agreed to pay Kline & Specter in their contingent fee agreement. It bears emphasis that Plaintiffs are adults and that no incapacitated persons or minors are beneficiaries or recipients of the settlement funds. Fee agreements have been subject to close scrutiny where minors or incapacitated persons are concerned; this fee would be justified in any event for the reasons set forth above.

41. Kline & Specter incurred litigation costs and expenses in connection with the litigation of this civil action in the amount of $286,332.49. A complete accounting of all costs and expenses is attached as Exhibit "L". These costs and expenses are specific to this litigation and included costs for significant fact discovery, investigations, and extensive expert consultation with preparation of reports. These costs are not attributable to any general overhead or operating expenses of this firm. The itemized photocopying and express delivery services were specific to this litigation and largely incurred to provide Plaintiffs' experts with the materials needed to formulate their opinions and provide timely reports.

E. **Proposed allocation**

42. For the reasons set forth above, the proposed settlement proceeds of ▮▮▮▮▮ should be allocated and distributed as indicated in the attached form of order and as set forth below:

| | | |
|---|---|---|
| GROSS SETTLEMENT: | | ▮ |
| TOTAL PAYABLE TO KLINE & SPECTER, PC | | ▮ |
| | Payable to: Kline & Specter, PC<br>Attorney's Fee: 40% Contingency Fee | ▮ |
| | Payable to: Kline & Specter, P.C.<br>Reimbursement for costs | $286,332.49 |
| | Medical Liens | $24,247.58 |
| NET AMOUNT FOR DISTRIBUTION | | ▮ |
| NET AMOUNT FOR DISTRIBUTION | | ▮ |
| | **Estate of Abigail Kaufman, deceased**<br>**(50% of net amount for distribution)** | ▮ |
| | Wrongful Death Claim (80%) | |
| | TO: Jennifer Lee Kaufman (50%)<br>*(Decedent's mother)* | ▮ |
| | TO: Damien Kaufman (50%)<br>*(Decedent's father)* | ▮ |
| | Survival Claim (20%) | ▮ |
| | TO: Jennifer Lee Kaufman and Damien Kaufman, Administrators of the Estate of Abigail Kaufman, deceased, to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted. | ▮ |

**Estate of Brianna Baer, deceased (50% of net amount for distribution)**

Wrongful Death Claim (80%)

TO: Jennifer Lee Kaufman (50%)
(*Decedent's mother*)

TO: Escrow, pending the Court's decision on Plaintiff's motion for determination of the beneficiary status of Joseph T. Blose.

Survival Claim (20%)

TO: Jennifer Lee Kaufman, Administratrix of the Estate of Brianna Baer, deceased to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted.[2]



**WHEREFORE**, Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman, Co-Administrators of the Estate of Abigail Kaufman, Deceased and Jennifer Kaufman, Administratrix of the Estate of Brianna Baer, Deceased, and in their own right, respectfully request that they be permitted to enter into the settlement recited above and the Court enter the attached Order consistent with their prayer for relief.

---

[2] Distributions of the net distributable estate shall be held in escrow pending the Court's ruling on Plaintiffs' motion for determination of beneficiary status of Joseph T. Blose under Wrongful Death Act, 42 Pa.C.S. § 8301 and the Survival Act, 42 Pa.C.S. § 8302.

14

                Respectfully submitted,

By:     /s/ Charles L. Becker
       Thomas R. Kline
       Charles Becker
       Aaron L. Dunbar
       John P. O'Neill
       **Kline & Specter, PC**
       1525 Locust Street
       Philadelphia, PA 19102


By:     /s/ Latisha Bernard Schuenemann
       Latisha Bernard Schuenemann
       **Barley Snyder LLP**
       2755 Century Boulevard
       Wyomissing, PA 19610
       ***Attorneys for Plaintiffs***

Dated: November 21, 2023

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he provided the foregoing to the Court in unredacted form via email, and also that he served the foregoing in redacted form upon counsel of record through the Court's Electronic Filing System:

Eugene M. LaFlamme, Esquire
David A. Dubois, Esquire
Roman G. Klaric, Esquire
Jillian L. Lukens, Esquire
MCCOY LEAVITT LASKEY LLC
N19 W24200 Riverwood Dr.
Suite 125
Waukesha, WI  53188

Dennis Ziemba Esquire
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia PA  19102

Francis J. Grey, Jr.
RICCI, TYRRELL JOHNSON & GREY
1515 Market Street, Suite 1800
Philadelphia, PA  19102

William J. Carr
Rawle Henderson, LLP
1500 Market Street, 19th Floor
Philadelphia, PA 19102
*Attorneys for Defendant, Jetson Electric Bikes LLC and Target Corporation*

Adrian K. Cousens
Gross McGinley LLP
33 S. Seventh Street,
PO Box 4060
Allentown, PA 18105-4060
*Attorney for Joseph Blose*

Dated: November 21, 2023                    /s/ Charles L. Becker
                                            Charles L. Becker