UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LEE KAUFMAN and DAMIEN W. KAUFMAN, *Individually and as Administrators of the Estates of Abigail Kaufman, a Minor, Deceased and Brianna Baer, a Minor, Deceased,*<br>         Plaintiffs,<br><br>        v.<br><br>JETSON ELECTRIC BIKES, LLC, and TARGET CORPORATION,<br>         Defendants. | No. 22-cv-3765 |

**O P I N I O N**
**Plaintiffs' Motion for Determination of Beneficiary Status, ECF No. 73—Granted in part**

**Joseph F. Leeson, Jr.**                                                                                          **January 5, 2024**
**United States District Judge**

## I.    INTRODUCTION

The underlying litigation arises out of the tragic death of Abigail Kaufman and Brianna Baer for which the parties have reached a pending settlement. *See* Pls.' Pet., ECF No. 84. On August 18, 2023, Plaintiffs filed a Motion for Determination of Beneficiary Status of Joseph Blose, Brianna's biological father, in connection with Plaintiffs' wrongful death and survival actions. *See* Pls.' Mot. ¶ 3, ECF No. 73. On September 27, 2023, Blose filed a Response in Opposition to the Motion. *See* ECF No. 77. On October 3, 2023, Plaintiffs filed a Reply in support. *See* ECF No. 78.

On October 16, 2023, this Court ordered a hearing on the Motion which was held on November 14, 2023. *See* ECF No. 79. At the hearing, the Court heard argument and testimony from Plaintiffs, Blose, and members of Blose's family regarding the Court's jurisdiction to

determine the beneficiary status of Blose and the merits thereof.  The matter is now fully briefed and ready for disposition.  For the reasons that follow, the Court holds that Blose is not entitled to recover under the Wrongful Death Act and that the Court has no jurisdiction to determine whether Blose may recover under the Survival Act.

## II.  FINDINGS OF FACT

1. In 2005, Jennifer Kaufman and Joseph Blose were dating when Jennifer became pregnant by Joseph Blose.  *See* Transcript, Mot. Hearing at 32:13-18, Nov. 30, 2023, (hereinafter "N.T. __"), ECF No. 85.

2. Their relationship was often marred by Blose's ongoing drug addiction.  *Id.* at 32:25-33:4.

3. To create a stable home for the coming child, Jennifer moved in with her parents.  *Id.* at 33:8-13.

4. Blose attended an ultrasound with Jennifer at sometime in 2006 when the pair found out the child would be a girl.  *Id.* at 42:7-17.

5. Jennifer gave birth to that baby girl, Brianna Baer, on September 22, 2006.  *Id.* at 14:22-23.

6. Blose was not at the hospital when Brianna was born and did not sign her birth certificate.  *Id.* at 9:9-12.

7. Blose did not visit Brianna when she came home from the hospital as Blose could not be found.  *Id.* at 33:24-34:2.

8. Instead, his mother and sister visited the child.  *Id*.

9. At no point during Brianna's life did Blose see the child, contribute financially to her upbringing, or provide emotional support.  *Id.* at 34:3-17.

10. The extent of Blose's interaction with Brianna came from a series of phone calls to Brianna when she was approximately three years old.  *Id.* at 44:20-25; 72:18-25.

11. During one of those calls, Blose promised to give Brianna a Rapunzel doll for her birthday or for Christmas.  *Id.* at 26:3-17.

12. Blose failed to make good on that promise.  *Id*.

13. Roughly seven months after Brianna was born, Blose was arrested for burglary.  *Id.* at 10:25-11:2.

14. He served a sentence of two to four years for that burglary.  *Id.* at 11:3-8.

15. Since Brianna's birth, Blose has spent over fifteen years in prison.  *Id.* at 8:12-15.

16. Blose has also spent significant time in drug rehabilitation for cocaine and heroin addiction over the same period of time.  *Id.* at 8:16-25.

17. At present, Blose is serving a ten to twenty three year sentence for burglary.  *Id.* at 8:8-11.

18. Blose cannot describe Brianna's personality.  *Id.* at 11:9-10.

19. Blose has never provided any financial or emotional support to Brianna because he was under the assumption that Brianna was not his biological child.  *Id.* at 11:23-12:3.

20. Blose never used the court system to attempt to establish parental rights to Brianna.  *Id.* at 12:8-21.

### III. CONCLUSIONS OF LAW

#### A. **Blose's Entitlement to Recover Under the Wrongful Death Act**

The parties agree on the framework to resolve this matter.  Generally, a wrongful death action will be brought by the personal representative for the benefit of the spouse, children or parents of the deceased.  *See* 42 Pa.C.S.A. § 8301(b).  These individuals are regarded as the

statutory beneficiaries. However, these statutory beneficiaries are not entitled to damages per se. Instead, compensation is limited to those who have suffered a pecuniary loss. *See Manning v. Capelli*, 411 A.2d 252, 254 (Pa. Super. 1979). This is because the purpose of the Wrongful Death Act "is to compensate certain enumerated relatives of the deceased for the pecuniary loss occasioned to them through deprivation of the part of the earnings of the deceased which they would have received from [them] had [they] lived." *Id*.

Consistent with that purpose, "only those persons who stand in a family relation to the deceased are statutorily authorized to recover damages." *Id*. A family relationship exists where "a child receives from a parent services or maintenance or gifts with such reasonable frequency as to lead to an expectation of future enjoyment of these services, maintenance, or gifts." *Gaydos v. Domabyl*, 152 A. 549, 551 (Pa. 1930). The party seeking to share in the wrongful death proceeds must prove their pecuniary loss. *See Manning*, 411 A.2d at 256 (explaining that "we are of the opinion that it is incumbent for one seeking to procure a share of wrongful death proceeds to prove the family relationship and pecuniary loss before he may be included in the distributional schedule."); *see also Short v. Pavlides*, No. 2724 NOV. TERM 1993, 1999 WL 33932135 (Pa. Com. Pl. Apr. 16, 1999) (noting "each wrongful death beneficiary must establish his or her own pecuniary loss.").

In the instant matter, a cursory examination of the record shows that Blose has had no family relation with Brianna Baer and suffered no pecuniary loss from her passing. Early in his testimony, he admitted that he could not describe Brianna's personality. For nearly all of Brianna's life, Blose has been in prison or rehabilitation. By his own words, Blose admitted that he offered no financial or emotional support to Brianna. N.T. at 11:23-12-3. Nor did he use the

courts to attempt to establish his parental rights. Finally, the extent of his communication with the child was over ten years before her death.

It appears that Blose has tried to argue that Brianna was kept from him. He explained that he was told he was not her father. The court does not find this credible. Notwithstanding that, the purpose of a wrongful death action is to compensate those who have suffered a loss. Regardless of Blose's reason for failing to maintain a relationship, he cannot demonstrate a pecuniary loss because he had no meaningful relationship with the child.

Accordingly, the Court holds that Blose is not entitled to recover under the Wrongful Death Act.

**B.     Blose's Entitlement to Recover Under the Survival Act**

Plaintiffs' motion also asks the Court to determine Blose's ability to share in the survival action settlement. This, however, is more nuanced. Wrongful death and survival actions are closely related yet independent. Their differences have significant legal import to the question at hand. The most important of these differences is in who holds the right to recover. "[W]hile wrongful death actions are derivative of decedent's injuries, they are not derivative of decedent's rights, and therefore belong to the decedent's beneficiaries as opposed to the deceased individual." *Rickard v. Am. Nat'l Prop. & Cas. Co.*, 173 A.3d 299, 305 (Pa. Super. 2017) (quoting *MacPherson v. Magee Memorial Hosp. for Convalescence*, 128 A.3d 1209, 1226 (Pa. Super. 2015)). "A survival action, on the other hand, is brought by the administrator of the decedent's estate in order to recover the loss to the estate of the decedent resulting from the tort." *Id.* (quoting *Kiser v. Schulte*, 648 A.2d 1, 4 (Pa. 1994)).

Any benefit of the survival action goes to the decedent's estate which is then distributed to the heirs. *See Funk v. Buckley & Co.,* 45 A.2d 918, 921 (Pa. Super. 1946). In this sense, the

jurisdictional dispute[1] is analytically different than that of the wrongful death claim. Since wrongful death actions lay with the statutory beneficiaries themselves, the Court must determine, when there is a dispute, just who those persons are. Thus, determining if someone is a beneficiary is coextensive with determining the viability of a claim.

However, because a survival action belongs to the decedent's estate, the Court can allocate a portion of the settlement to the estate without passing on the additional question of who is entitled to share in that estate under the laws of intestacy. Plaintiffs ask this Court to apply the intestate law of forfeiture and hold that Blose deserted Brianna within the meaning of 20 Pa.C.S.A. § 2106(b)(1). The Court declines to do so for three reasons. First, the Court finds that such a determination is barred by the probate exception, which is the principle that a federal court has no jurisdiction to "(1) probate or annul a will, (2) *administer a decedent's estate*, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co*, 540 F.3d 220, 227 (3d Cir. 2008) (emphasis added). Applying the intestate law of forfeiture to determine who is an heir and who is entitled to take from the estate places this matter squarely in the second probate exception by endeavoring to administer an estate. *See Thorpe v. Borough of Thorpe*, No. 3:CV-10-1317, 2013 WL 1703572 at *7 (M.D. Pa. Apr. 19, 2013), *rev'd on other grounds*, 770 F.3d 255 (3d Cir. 2014) (noting that the basic function of estate administration is to aggregate the property and distribute it to the proper persons, be that creditors or heirs.) Second, while Plaintiffs raise this question as it relates to the pending settlement, a finding of forfeiture applies to the entirety of Brianna's estate. That is a broader ruling than the matter presently before the Court. Third, the Petition for Settlement

---

[1] The Court notes that at oral argument, Blose conceded jurisdiction on this issue. N.T. at 92:13-21. However, because the probate exception implicates subject matter jurisdiction, it cannot be conceded. *See In re Caterbone,* 640 F.3d 108, 111 (3d Cir. 2011).

Approval filed parallel to this motion, *see* ECF No. 84, does not ask this Court to apportion the survival claim settlement to specific heirs.

Accordingly, this Court holds that it lacks jurisdiction to determine Blose's right to recover under the survival action.

## IV. CONCLUSION

For the reasons outlined above, the Court holds that Blose is not entitled to recover under the Wrongful Death Act and that the Court has no jurisdiction to determine whether Blose may recover under the Survival Act.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge