UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER LEE KAUFMAN and DAMIEN W. :
KAUFMAN, *Individually and as Administrators* :
*of the Estates of Abigail Kaufman, a Minor,* :
*Deceased and Brianna Baer, a Minor, Deceased,* :
               Plaintiffs, :
           :
       v. : No. 22-cv-3765
           :
JETSON ELECTRIC BIKES, LLC, and TARGET :
CORPORATION, :
               Defendants. :

**O P I N I O N**
**Plaintiffs' Motion to Seal Petition for Approval, ECF No. 92—Denied**

**Joseph F. Leeson, Jr.**                                                                                                     **January 23, 2024**
**United States District Judge**

## I.  BACKGROUND

The above captioned matter arises out of a fire that took the lives of Abigail Kaufman and Brianna Baer. In their Amended Complaint, Plaintiffs alleged that the fire was caused by a hoverboard designed and distributed by Jetson Electric Bikes, LLC, and sold to the public by Target Corporation. Plaintiffs asserted claims under the Wrongful Death and Survival Acts. The matter has since settled. On November 21, 2023, the Parties filed a redacted Petition for Approval of Settlement. *See* ECF No. 84. On January 5, 2024, this Court Ordered Plaintiffs to file a Motion to Seal the Petition in accordance with Eastern District of Pennsylvania Local Rule 5.1.5. In compliance with that Order, Plaintiffs filed the instant Motion to Seal the Petition for Approval on January 11, 2024. *See* ECF No. 92. For the reasons that follow, the Motion is denied.

## II. LEGAL STANDARDS

### A. Presumption of Access to Judicial Records – Settlement Agreements

"[A] 'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011). "[T]he court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate." *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986).

"'[S]ettlement documents can become part of the public component of a trial' under either of two circumstances: (1) 'when a settlement is filed with a district court;' and (2) 'when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision.'" *LEAP*, 638 F.3d at 220 (quoting *Enprotech Corp. v. Renda*, 983 F.2d 17, 20 (3d Cir. 1993)). Nevertheless, the right to access judicial records is not absolute. "In order to override the common law right of access, the party seeking . . . the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

To that end, courts of the Third Circuit employ the following *Pansy* factors to determine whether to grant a protective order:

> 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

*Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. Further, a motion to seal predicated solely on "the generalized interest in encouraging settlements" does not overcome the presumption. *Rittenhouse*, 800 F.2d at 346.

### III.  ANALYSIS

Because the pending settlement seeks to settle a claim by an estate, Court approval is required. *See* 20 Pa.C.S.A. § 3323. Further, because the settlement has been filed with the Court, it is a judicial record and subject to the common law right of access. *See Rittenhouse*, 800 F.2d at 345.

Plaintiffs offer a number of arguments in favor of sealing the Petition and maintaining confidentiality. First, Plaintiffs argue that sealing the settlement is appropriate where confidentiality of the terms was an express and critical term of the settlement. However, the Third Circuit is clear in that a "generalized interest in encouraging settlements" does not overcome the presumption in favor of access. *Id*. at 346. Second, Plaintiffs note privacy interests at issue. Specifically, they argue that Defendants have an interest in resolving liability issues away from the "glare of public exposure." Pls.' Mot. at 6. For their part, Plaintiffs argue that they have an interest in resolving the matter without bringing "further attention to their loss." *Id*. This is purportedly made stronger by the fact that Brianna's biological father is in prison.[1]

---

[1]   Plaintiffs effectively reiterate this argument with regard to factor three, arguing that disclosure would cause embarrassment where Defendants' motivation to settle was, in part, premised on confidentiality, and Plaintiffs wish to avoid the "the prospect of embarrassment resulting from public knowledge about the fact and amount of the settlement occasioned by the devastating death of their daughters." Pls.' Mot. at 6. While the Court wishes no more pain on

The Court is unconvinced as these arguments are "the type of broad, unsubstantiated allegation of harm that does not support a showing of good cause." *See Shingara*, 420 F.3d at 307.

With regard to the sixth and seventh factors, Plaintiffs posit that the public has no interest in knowing the amount of settlement or the distributions of the agreement. Rather the extent of the public interest is "addressed by the Consumer Protection Safety Bureau's recall of the products at issue." Pls.' Mot. at 6. The Court again disagrees. This settlement is different than ordinary settlement agreements which involve knowing adults free to contract and settle their own affairs. Instead, Section 3323 of Pennsylvania's Probate, Estates and Fiduciaries Code exists "to protect the estate, as well as the creditors and beneficiaries thereof." *Schuster v. Reeves*, 589 A.2d 731, 734 (Pa. Super. 1991) (quoting *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. 1990)). The Court is charged with that protection and offers its opinion on the fairness and adequacy of the settlement, the reasonableness of the apportionment between the wrongful death and survival claims, and the reasonableness of attorney's fees. *See Salas v. Goldenberg*, No. CV 22-2179, 2023 WL 8832422 (E.D. Pa. Dec. 20, 2023); *see also Carter v. Wellpath LLC, No.*, 2:22-CV-01050-JDW, 2023 WL 6323095, at *1 (E.D. Pa. Sept. 28, 2023); *Leto v. Illum*, 2021 U.S. Dist. LEXIS 101243, at *3 (E.D. Pa. May 28, 2021). In short, the public has an interest in understanding how judges think of these matters.

The Court in *Weismantle v. Jali*, borrowing from a Seventh Circuit decision, succinctly outlined the distinction as follows:

> This concept was recently explored in some detail by Judge Posner writing for the Seventh Circuit as its "motions judge" in *Goesel v. Boley International (H.K.) Ltd.*, 738 F.3d 831 (7th Cir.2013). There, he drew the distinction between those cases in which, for instance, the court is asked to approve only the fact of a settlement, or perhaps the notice to and understanding of the parties of the terms of a settlement,

---

Plaintiffs for the loss of their daughters, the fact and/or amount of settlement stands apart from the children's passing.

> as opposed to the substantive content of the settlement. In the former case, the Court is not being asked to pass judicial judgment upon the merits or substance of the deal, but is instead serving as more of a procedural watchdog. In the latter case, the Court is being asked to place its judicial imprimatur on the merits and terms of the settlement, a hallmark act of judicial evaluation if there ever was one. *Brown*, 2013 WL 5408575, at *1. In such a case, the strong presumption in favor of public access to the records upon which a federal court does its decisional duty is overcome only when there is an overarching private interest that outweighs the public's presumed right to know the basis upon which federal judges make judicial decisions. The lead decision of our Court of Appeals is in accord. *See LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir.2011).
>
> In sum, when the Court is approving the "how" of a settlement, the parties' confidentiality interests may more often carry the day, but when the Court is approving the "what" of such a settlement, then the foundational basis of the Court's judicial action is cloaked with the strong presumption of openness. *See LEAP*, 638 F.3d at 220–21.

*Weismantle v. Jali*, No. 2:13-CV-01087, 2015 WL 1866190, at *2 (W.D. Pa. Apr. 23, 2015).

Here, the Court has been asked to pass upon the "what" of the settlement. Thus, the public indeed has an interest in knowing the basis upon which the Court might approve the settlement.

In the alternative, Plaintiffs argue that the Court should permit the filing of a redacted petition omitting only the amount of the settlement. However, as noted, in approving the settlement, the Court must pass on the adequacy of the settlement amount. Accordingly, the Court finds that it cannot redact the settlement amount for the same reasons.

## IV.    CONCLUSION

Because Plaintiffs have failed to articulate a clearly defined and serious injury that will result if the Petition is unsealed, the Court denies the Motion.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*   \_\_\_\_\_
JOSEPH F. LEESON, JR.
United States District Judge