UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER LEE KAUFMAN, Individually as ADMINISTRATOR OF THE ESTATE OF BRIANNA BAER, a minor, deceased and, DAMIEN W. KAUFMAN and JENNIFER LEE KAUFMAN, Individually and as ADMINISTRATORS OF THE ESTATES OF ABIGAIL KAUFMAN, a minor, deceased** | **CIVIL ACTION NO:** <br><br> **5:22-cv-03765-JFL** |
| *Plaintiffs*, <br> v. | |
| **JETSON ELECTRIC BIKES, LLC** <br><br> and | **JURY TRIAL DEMANDED** |
| **TARGET CORPORATION** | |
| *Defendants.* | |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration

of Plaintiffs' Amended Petition for Approval of Settlement, it is hereby **ORDERED** and

**DECREED** that Plaintiffs' Petition is hereby **GRANTED.**

**IT IS FURTHER ORDERED** and **DECREED** that the gross settlement proceeds

of $38,500,000.00 be distributed as follows:

| | |
|---|---|
| GROSS SETTLEMENT: | $38,500,000.00 |
| TOTAL PAYABLE TO KLINE & SPECTER, PC | $15,571,799.49 |
| Payable to: Kline & Specter, PC <br> Attorney's Fee: 40% Contingency Fee | $15,285,467.00 |
| Payable to: Kline & Specter, P.C. <br> Reimbursement for costs | $286,332.49 |

2

| | |
|---|---|
| Medical Liens | $24,247.58 |
| NET AMOUNT FOR DISTRIBUTION | $22,903,772.93 |
| **Estate of Abigail Kaufman, deceased (50% of net amount for distribution)** | $11,451,886.46 |
| Wrongful Death Claim (80%) | $9,161,509.17 |
| TO:  Jennifer Lee Kaufman (50%) *(Decedent's mother)* | $4,580,754.58 |
| TO:  Damien Kaufman (50%) *(Decedent's father)* | $4,580,754.58 |
| Survival Claim (20%) | $2,290,377.29 |
| TO:  Jennifer Lee Kaufman and Damien Kaufman, Administrators of the Estate of Abigail Kaufman, deceased, to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted. | $2,290,377.29 |
| **Estate of Brianna Baer, deceased (50% of net amount for distribution)** | $11,451,886.46 |
| Wrongful Death Claim (80%) | $9,161,509.17 |
| TO:  Jennifer Lee Kaufman (50%) *(Decedent's mother)* | $9,161,509.17 |
| Survival Claim (20%) | $2,290,377.29 |

TO:  Jennifer Lee Kaufman, Administratrix of the Estate of Brianna Baer, deceased to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted.[1]

$2,290.377.29

**BY THE COURT:**

_____
                                      **J.**

---

[1] Distributions of the net distributable estate shall be held in escrow pending determination of the status of Joseph T. Blose under the Survival Act, 42 Pa.C.S. § 8302.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JENNIFER LEE KAUFMAN, Individually as ADMINISTRATOR OF THE ESTATE OF BRIANNA BAER, a minor, deceased and, DAMIEN W. KAUFMAN and JENNIFER LEE KAUFMAN, Individually and as ADMINISTRATORS OF THE ESTATES OF ABIGAIL KAUFMAN, a minor, deceased** | **CIVIL ACTION NO:** <br><br> **5:22-cv-03765-JFL** |
| *Plaintiffs*, <br> v. | |
| **JETSON ELECTRIC BIKES, LLC** | **JURY TRIAL DEMANDED** |
| and | |
| **TARGET CORPORATION** | |
| *Defendants.* | |

**AMENDED PETITION FOR APPROVAL OF SETTLEMENT**

Pursuant to Local Rule 41.2 (a), Plaintiffs Jennifer Kaufman and Damien Kaufman, as Co-Administrators of the Estate of Abigail Kaufman, Deceased, and Jennifer Kaufman, Administratrix of the Estate of Brianna Baer, Deceased, respectfully request that the Court approve this settlement for the sum of Thirty-Eight Million Five Hundred Thousand Dollars ($38,500,000.00), allocate the settlement proceeds as between the Plaintiffs' claims under the Wrongful Death Act and the Survival Act, and approve Plaintiffs' counsel's fees and reimbursement of litigations costs. Plaintiffs aver as follows:

**A.    Abigail Kaufman**

1.    Abigail Kaufman was born on June 22, 2011, and died intestate on April 1, 2022.

2.    Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman are Abigail

Kaufman's biological parents.

3.      Jennifer Kaufman is an adult citizen of the Commonwealth of Pennsylvania and currently resides at 1033 Roundhouse Road, Kintnersville, PA 18930.

4.      Damien Kaufman is an adult citizen of the Commonwealth of Pennsylvania and currently resides at 1033 Roundhouse Road, Kintnersville, PA 18930.

5.      Jennifer Kaufman and Damien Kaufman were appointed as the administrators of the Estate of Abigail Kaufman, deceased, on June 8, 2022, by the Register of Wills of Northampton County in the Commonwealth of Pennsylvania.  *See* Short Certificate (attached as Exhibit "A").

6.      As Jennifer Kaufman and Damien Kaufman are the biological parents of Abigail Kaufman, they are Abigail Kaufman's intestate heirs as provided in 20 Pa.C.S. §2101 *et seq.*

7.      As Abigail Kaufman's biological parents, Jennifer and Damien Kaufman are Abigail Kaufman's sole beneficiaries pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, and the Pennsylvania Survival Act, 42 Pa.C.S. § 8302.

**B.      Brianna Baer**

8.      Brianna Baer was born on September 22, 2006, and died intestate on April 1, 2022.

9.      Plaintiff-Petitioner, Jennifer Kaufman, is the biological mother of Brianna Baer, deceased minor. Ms. Kaufman was appointed as the Administratrix of the Estate of Brianna Baer, deceased by the Register of Wills of Northampton County in the Commonwealth of Pennsylvania.  *See* Short Certificate (attached as Exhibit "B").

10.      Joseph T. Blose is the biological father of Brianna Baer.

11.      As Jennifer Kaufman and Joseph T. Blose are the biological parents of Brianna Baer, they are Brianna Baer's intestate heirs as provided in 20 Pa.C.S. § 2101 *et seq.*

12.      Ms. Baer's biological parents are presumptively her sole beneficiaries pursuant to

the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, and the Pennsylvania Survival Act, 42 Pa.C.S. § 8302.

13.     However, during the course of the Decedent's life, Mr. Blose did not provide any financial or emotional support to Ms. Baer. He never saw Ms. Baer. He did not participate in her life in any way. On November 14, 2023, the Court held a hearing on Plaintiff' motion to determine whether Mr. Blose is entitled to receive proceeds from the settlement under the Wrongful Death Act or the Survival Act. At that hearing, the Court heard extensive testimony demonstrating the Mr. Blose's total absence from Brianna's life. *See* Testimony of 11/14/23 hearing (attached as Exhibit "C"). On January 5, 2024, the Court entered an order making extensive findings of fact concerning Mr. Blose's absence from Brianna's life and concluding that Mr. Blose was not entitled to recover under the Wrongful Death Act. *See* Order entered January 5, 2024 [ECF No. 89]. The Court found that it lacked jurisdiction to determine Mr. Blose's rights under the Survival Act. *Id*.

**C.     The litigation and settlement**

14.     This action arises out of a fatal fire that occurred on April 1, 2022, at 630 Linden Avenue, Hellertown, PA 18055. The fire claimed the lives of Abigail Kaufman and Brianna Baer, who were ten and fifteen years old respectively at the time. Plaintiffs commenced litigation by filing a complaint in September 2022. Plaintiffs' Amended Complaint alleged that this devastating fire was caused by a hoverboard that was designed and distributed by Jetson Electric Bikes, LLC ("Jetson") and that was sold exclusively at Target Corporation stores ("Target"). The Amended Complaint pleaded claims under the Wrongful Death Act and Survival Act on behalf of Jennifer Kaufman and Damien Kaufman—but not on behalf of Mr. Blose given his total lack of involvement in Brianna Baer's life. *See* Plaintiffs' Amended Complaint (attached as Exhibit "D"). Extensive discovery ensued.

15.      On May 30, 2023, Plaintiffs reached a settlement with Defendants, Jetson Electric Bikes, LLC and Target Corporation for Thirty-Eight Million Five Hundred Thousand Dollars ($38,500,000.00). On June 22, 2023, Plaintiffs signed a release based on the terms of the settlement. See Settlement Agreement and Release (attached as Exhibit "E").

16.      Plaintiffs-Petitioners' counsel, Kline & Specter, PC, is of the opinion that the settlement of this civil action is fair, reasonable, and represents a substantial recovery under the facts of this case and the applicable law. This case involved complex legal and scientific issues relating to a consumer product and the malfunction of electronics and lithium-ion batteries. Prosecution of the claim required critical analysis, substantial investigations, and zealous advocacy. The parties engaged in arm's length settlement negotiations supervised by Judge Pamela Carlos over a period of two-days to reach an agreement. The settlement represents a significant recovery by any measure.

17.      Kline & Specter, PC has fully informed the Plaintiffs-Petitioners, Jennifer Kaufman and Damien Kaufman, of the terms and conditions of this proposed settlement. Kline & Specter, PC has advised Plaintiffs-Petitioners that the proposed settlement of this civil action is fair and reasonable and represents a substantial recovery. Plaintiffs-Petitioners concur with this opinion.

18.      No party receiving proceeds from this settlement is a minor or an incapacitated person. The only beneficiaries of the settlement are Plaintiffs-Petitioners. *See* Verification (attached as Exhibit "F").

**D.      Proposed allocation as between Abigail Kaufman and Brianna Baer**

19.      Plaintiffs-Petitioners and their counsel respectfully request that the Court approve the gross settlement proposal of Thirty-Eight Million Five Hundred Thousand Dollars

4

($38,500,000.00) to be divided equally between the Estate of Abigail Kaufman, deceased and

Estate of Brianna Baer, deceased. No disputes exist concerning this proposed division.

**E.      Proposed allocation as between the Wrongful Death Act and Survival Act**

20.      Plaintiffs-Petitioners further request that the Court approve the following

proportionate allocation of the net proceeds of the settlement, as to which no disputes exist and

which has been approved by the Pennsylvania Department of Revenue, Bureau of Individual

Taxes Inheritance Tax Division. *See* Letter from Bureau of Individual Taxes Inheritance Tax

Division (attached as Exhibit "G").

> a.  Wrongful Death Claim      80%
>
> b.  Survival Act Claim        20%

21.      Pennsylvania law provides for the allocation of damages as between a Wrongful

Death claim and Survival Act claim in proportion to the values of those claims. *Wilson v. Bensalem*

*Township*, 367 A.2d 397 (Pa. Cmwlth. 1976); *Wexler v. Philadelphia*, 3 D.&C.2d 122 (Phila. O.C.

1955).  A trial court has broad discretion in ordering this allocation. *Id*. Consistent with that

discretion, trial courts have approved settlements allocating the bulk of a recovery to the Wrongful

Death claim over the Survival Act claim where the evidence justified that result. *Smith v. Sandals*

*Resorts Int'l, Ltd.*, 709 F. Supp. 2d 350, 358-59 (E.D. Pa. 2010), *aff'd*, 437 F. App'x 178 (3d Cir.

2011); *see also Short v. Pavlides,* 1999 WL 33932135 (Pa. Com. Pl. Apr. 16, 1999) (court allocated

more than ninety percent of settlement to wrongful death award even though during the last six

months of decedent's life she was in the intensive care unit suffering from blindness, dependency

on a ventilator, and massive edema throughout her upper body).

22.      This case warrants an allocation of 80% of the settlement to the Wrongful Death

claim. Under the Wrongful Death Act, certain members of a decedent's family are entitled recover

for medical, funeral, and estate administration expenses occasioned by their decedent's death. They are entitled to recover the "pecuniary loss occasioned to them through deprivation of the part of the earnings of the deceased which they would have received from him had he lived." *Hodge v. Loveland*, 690 A.2d 243, 245-46 (Pa. Super. 1997) (describing damages recoverable under 42 Pa.C.S. § 8301). Compensable damages under the Wrongful Death Act include "the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death." *Slaseman v. Myers*, 455 A.2d 1213, 1218 (Pa. Super. 1983). These include the "monetary contributions that the decedent would have contributed to his family's support," and also an amount "that will fairly and adequately compensate [the decedent's] family for the monetary value of the services, society and comfort that he would have given to his family had he lived, including such elements as work around the home, provision of physical comforts and services, and provision of society and comfort." Pa.S.S.J.I. 7.220 (Civ.) (summarizing the elements of recovery available under the Wrongful Death Act); *see generally Slaseman*, 455 a.2d at 1218; *Rettger v. UPMC Shadyside*, 991 A.2d 914, 932-33 (Pa. Super. 2015); *Machado v. Kunkel*, 804 A.2d 1238, 1245 (Pa. Super. 2002).

23.     Under Pennsylvania law, the concept of "services' under the Wrongful Death Act, includes the loss of society and comfort occasioned by the death. *See Machado*, 804 A.2d at 1245 (explaining that "the definition of compensable services for the purpose of the [wrongful] death statute is similar to the definition of consortium as that term is applied in other negligence cases."). This term also "clearly extends to the profound emotional and psychological loss suffered upon the death of a parent or a child where the evidence establishes the negligence of another as its cause." *Rettger*, 991 A.2d 915 (Pa. Super. 2010).

24.     For the Kaufmans, Abigail and Brianna represented the emotional core of their

family and the Kauffman have been devastated by their loss. Indeed, Mrs. Kaufman testified in her deposition that she suffers from daily nightmares and insomnia resulting from this tragic incident and that she relives the event when she closes her eyes. *See* Deposition of Jennifer Kaufman, p. 115 (attached as Exhibit "H"). Mrs. Kaufman testified that she rarely leaves her home and has lost interest in social interactions with family and friends as a result of losing her children, who were most meaningful components to her life. *Id*. at pp. 115-116. Mr. Kaufman also suffers from nightmares and twitching as a result of the accident and that he has been diagnosed with Post-Traumatic Stress Disorder. *See* Deposition of Damien Kaufman, pp. 223, 196-197 (attached as Exhibit "I"). Their deposition testimony is substantially bolstered by their testimony during the hearing conducted by the Court on November 14, 2023, which underscores the devastation experienced by Mrs. and Mr. Kaufman from the loss of their daughters. *See* Testimony of 11/14/23 hearing (Exhibit C). The profound emotional and psychological loss suffered by Mrs. and Mr. Kaufman support a substantial allocation of settlement proceeds under the Wrongful Death Act.

25.    No disputes exist that all proceeds allocated under the Wrongful Death Act relating to Abigail Kaufman's death flow equally to Jennifer Kaufman and Damian Kaufman as Abigail's parents. As to Brianna Baer, the Court already has found that Jennifer Lee Kaufman is the only proper beneficiary of proceed relating to Ms. Baer's death under the Wrongful Death Act based on evidence that Joseph T. Blose had no family relation with Ms. Baer and that he enjoyed no pecuniary interest in the Ms. Baer's life. *See* Order entered January 5, 2024 [ECF No. 89].

26.    This case warrants an allocation of no greater than 20% of the settlement to the Survival Act claims. Under the Survival Act, an estate may recover the pecuniary loss suffered by the negligent act that caused the decedent's death. 42 Pa.C.S. § 8302; *Baumgart v. Keene Bldg. Products Corp.*, 633 A.2d 1189, 1192 (Pa. Super. 1993).

27.     Abigail Kaufman was 10 years old at the time of her death. She had a life expectancy of 70-80 years. Based on education, life, work life expectancies, future loss earning capacity, loss of fringe benefits, and personal maintenance expenses, the Survival Act recovery for Ms. Kaufman ranged between $1,818,953.00 and $3,307.730.00 depending on the level of education achieved during her lifetime. *See* Economic Reports of David Hopkins (attached as Exhibit "J").

28.     Brianna Baer was 15 years old at the time of her death. She had a life expectancy of 65-80 years. Based on education, life, work life expectancies, future loss earning capacity, loss of fringe benefits, and personal maintenance expenses, the Survival Act recovery for Ms. Baer ranged between $1,818,953.00 and $3,307.730.00 depending on the level of education achieved during her lifetime. *Id*.

29.     The damages recoverable under the Survival Act include a decedent's conscious pain and suffering and lost earnings capacity. *Id*. Here, Decedents were non-responsive when they were rescued from the fire. The Decedents never regained consciousness and were pronounced deceased within hours. As there are not provable significant non-economic damages in the case, any Survival Act damages arise from Ms. Kaufman's and Ms. Baer's economic damages. For this reason as well, the bulk of the settlement is properly allocated to the Wrongful Death Act.

30.     Given the limited scope of the Survival Act damages and the profound Wrongful Death damages suffered by Mr. and Mrs. Kaufman, Plaintiffs respectfully suggest that the proposed allocation set forth above is fair and reasonable. As noted above, this allocation has been approved by the Pennsylvania Department of Review. ***See*** Letter from Bureau of Individual Taxes Inheritance Tax Division (Exhibit G).

**F.      Additional matters**

31.      Under Pennsylvania law, no Pennsylvania inheritance tax is due when the proceeds of a minor's estate pass solely to her natural parents. *See* 72 P.S. §9116(a)(1.2), amended 2000, May 24, P.L. 106, No. 23 §16, effective July 1, 2000 ("Inheritance tax upon transfer of property from a child twenty-one years of age or younger to or for the use of a natural parent, an adoptive parent or a stepparent of the child shall be at the rate of zero percent.").

32.      The Pennsylvania Department of Human Services ("DHS") does not have a lien against the decedent or any of the wrongful death beneficiaries. *See* Letter from DHS (attached as Exhibit "K").

33.      Equian LLC has asserted a lien in the amount of $24,427.58 (Abigail: $12,441.45; Brianna: $8,090.00; Damien: $2,634.77 and Jennifer: $1,261.36) as subrogation agent on behalf of Independence Blue Cross Family of Companies. *See* Letters from Equian LLC (attached as Exhibit "L"). There are no other outstanding liens or reimbursement claims against the Estates and the proceeds of this case. Plaintiffs' counsel will coordinate reimbursement of these lien amounts.

34.      Plaintiffs' counsel has provided a copy of this Petition to Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman.

35.      Plaintiffs' counsel has confirmed that Defendants do not oppose this Petition.

36.      Plaintiffs-Petitioners retained the undersigned counsel on the basis a forty percent contingent fee on the gross recovery plus reimbursement of costs. *See* fee agreements (attached as Exhibit "M"). Under the fee agreements, the attorney's fee is $15,285,467.00. This fee is fair and reasonable given Plaintiffs' counsel's significant work in this matter coupled with the firm's experience in plaintiffs' personal injury litigation, both of which played a significant role in obtaining this exceptional recovery.

37.     In furtherance of the paragraph above, Plaintiffs' counsel engaged in significant and complex discovery during the development of this case. At the outset, Plaintiffs' counsel took steps to preserve the scene of the fire, recover and store valuable evidence at a state-of-the-art facility to maintain its integrity, and perform noninvasive examinations of the product. Plaintiffs' counsel conducted hard-fought written discovery. They reviewed many thousands of pages of documents and retain Chinese translators to translate many of the documents produced. Plaintiffs' counsel deposed numerous witnesses including multiple first responders, fact witnesses, and corporate employees and designees including Pennsylvania state troopers, Hellertown police officers, Hellertown detectives, the Chief of Lower Saucon Fire & Rescue. They deposed Jetson's chief executive officer, Jetson's corporate designee, and multiple employees of Jetson who were fact witnesses in the case. Plaintiffs' counsel also prepared their clients to be deposed and to testify before the federal Consumer Products Safety Commission. Plaintiffs' counsel retained and worked with renowned experts, including electrical engineers, lithium-ion battery experts, fire cause and origin experts, and product warnings experts to investigate defects in the product and the adequacy of its warnings. Plaintiffs' counsel retained and worked with burn psychologists, economists, and forensic pathologists to support their claims for damages. Plaintiffs' counsel engaged in multiple site inspections of the fire-damaged property and supported a protracted lab examination of evidence removed from the property as necessary to identify the cause and origins of the fire, to identify the product that caused the fire, and to develop underlying liability case. This included using new technology to examine the lithium-ion batteries and other electrical components within the product along with significant fire debris.

38.     In addition, Plaintiffs' counsel spent significant time and effort identifying and investigating prior fire related incidents involving the product, identifying and contacting potential

witnesses, and conducting significant legal research on the underlying legal theories.  Counsel participated in extensive discussions with UL Solutions regarding the legitimacy of the product's certification and whether the product was properly vetted and certified prior to being sold in United States. This involved the close review of the Jetson's UL certifications its testing process. It further required detailed investigatory work to pinpoint issues regarding the certifications.  These efforts were necessary to develop Plaintiffs' claims that the Defendants had failed in their manufacture and marketing of the product and that the product lacked adequate warnings.

39.    As noted above, Plaintiffs' counsel actively participated in and supported the Consumer Product Safety Commission's investigation into the product. This investigation and subsequent report led to the official recall or the product and the product's removal from the market. This support and participation involved valuable discussions with the CPSC and testimony from both Plaintiffs. *See* CPSC Recall (attached as Exhibit "N").

40.    Plaintiffs' counsel expended significant amounts of time, money, effort to prepare the case for a trial scheduled to begin in September 2023. Plaintiffs expenditure of over $286,000 during litigation illustrates the challenges and complexity of developing this case. See Accounting of costs and expenses (attached as Exhibit "O"). These costs are specific to this litigation and not attributable to any general overhead or operating expenses of this firm.  They primarily were incurred to support the significant fact discovery, investigation, expert consultation, and supporting the preparation of expert reports.  The itemized photocopying and express delivery services were specific to this litigation and largely incurred to provide Plaintiffs' experts with the materials needed to formulate their opinions and provide timely reports

41.    The financial commitment of Plaintiffs' counsel underscores counsel's commitment to their client and to achieving the result obtained here. Plaintiffs also benefitted from

the reputation and significant achievements of Kline & Specter as a law firm over its nearly thirty years of existence, along with the achievements of Thomas R. Kline (lead trial counsel), Mr. Dunbar, Mr. O'Neill and Mr. Becker. The collective experience of Plaintiffs' counsel was integral to the two-day mediation before Magistrate Judge Carlos and integral to developing the extraordinary outcome presented to this Court.

42.     The undersigned recognized that fee agreements have been subject to close scrutiny where minors or incapacitated persons are concerned; this fee would be justified in any event for the reasons set forth above. Here, Plaintiffs are adults and no incapacitated persons or minors are beneficiaries or recipients of the settlement funds. The efforts undertaken by Kline & Specter in combination with the result achieved justifies the 40% fee that Plaintiffs agreed to pay Kline & Specter in their contingent fee agreement.

**G.     Overall proposed allocation**

43.     For the reasons set forth above, the proposed settlement proceeds of $38,500,000.00 should be allocated and distributed as indicated in the attached form of order and as set forth below:

| | |
|---|---|
| GROSS SETTLEMENT: | $38,500,000.00 |
| TOTAL PAYABLE TO KLINE & SPECTER, PC | $15,571,799.49 |
| Payable to: Kline & Specter, PC<br>Attorney's Fee: 40% Contingency Fee | $15,285,467.00 |
| Payable to:  Kline & Specter, P.C.<br>Reimbursement for costs | $286,332.49 |
| Medical Liens | $24,247.58 |
| NET AMOUNT FOR DISTRIBUTION | $22,903,772.93 |
| NET AMOUNT FOR DISTRIBUTION | $22,903,772.93 |

| | |
|---|---|
| **Estate of Abigail Kaufman, deceased (50% of net amount for distribution)** | $11,451,886.46 |
| Wrongful Death Claim (80%) | $9,161,509.17 |
| TO:  Jennifer Lee Kaufman (50%) *(Decedent's mother)* | $4,580,754.58 |
| TO:  Damien Kaufman (50%) *(Decedent's father)* | $4,580,754.57 |
| Survival Claim (20%) | $2,290,377.29 |
| TO:  Jennifer Lee Kaufman and Damien Kaufman, Administrators of the Estate of Abigail Kaufman, deceased, to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and the additional security as may be required by the Register of Wills pursuant to 20 Pa.C.S. § 3323(b)(3) is posted. | $2,290,377.29 |
| **Estate of Brianna Baer, deceased (50% of net amount for distribution)** | $11,451,886.46 |
| Wrongful Death Claim (80%) | $9,161,509.17 |
| TO:  Jennifer Lee Kaufman (50%) *(Decedent's mother)* | $9,161,509.17 |
| Survival Claim (20%) | $2,290,377.29 |
| TO:  Jennifer Lee Kaufman, Administratrix of the Estate of Brianna Baer, deceased to be distributed after the payment of any and all estate debts, expenses, estate attorney fees, costs and applicable taxes, provided that counsel shall not distribute any funds to said administratrix until a copy of this order is filed with the Register of Wills and | $2,290.377.29 |

13

the additional security as may be required
by the Register of Wills pursuant to 20
Pa.C.S. § 3323(b)(3) is posted.[2]

**WHEREFORE**, Plaintiff-Petitioners, Jennifer Kaufman and Damien Kaufman, Co-

Administrators of the Estate of Abigail Kaufman, Deceased and Jennifer Kaufman,

Administratrix of the Estate of Brianna Baer, Deceased, and in their own right, respectfully

request that they be permitted to enter into the settlement recited above and the Court enter the

attached Order consistent with their prayer for relief.

Respectfully submitted,


By:      /s/ Charles L. Becker

Thomas R. Kline
Charles Becker
Aaron L. Dunbar
John P. O'Neill
**Kline & Specter, PC**
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiffs Jennifer Kaufman and*
*Damien Kaufman, as Co-Administrators of the*
*Estate of Abigail Kaufman, Deceased, and Jennifer*
*Kaufman, Administratrix of the Estate of Brianna*
*Baer, Deceased*


Dated: February 9, 2024

---

[2] Distributions of the net distributable estate shall be held in escrow pending determination of the status of Joseph T. Blose under the Survival Act, 42 Pa.C.S. § 8302.

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served the foregoing upon counsel of record

through the Court's Electronic Filing System:

Eugene M. LaFlamme
David A. Dubois
Roman G. Klaric
Jillian L. Lukens
MCCOY LEAVITT LASKEY LLC
N19 W24200 Riverwood Dr.
Suite 125
Waukesha, WI  53188

Dennis Ziemba
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 S. 16th Street
Philadelphia PA  19102

Francis J. Grey, Jr.
RICCI, TYRRELL JOHNSON & GREY
1515 Market Street, Suite 1800
Philadelphia, PA  19102

William J. Carr
Rawle Henderson, LLP
1500 Market Street, 19th Floor
Philadelphia, PA 19102
*Attorneys for Defendant, Jetson Electric Bikes LLC and Target Corporation*

Adrian K. Cousens
Gross McGinley LLP
33 S. Seventh Street,
PO Box 4060
Allentown, PA 18105-4060
*Attorney for Joseph Blose*


Dated: February 9, 2024                                    /s/ Charles L. Becker
                                                      Charles L. Becker