# EXHIBIT "E"

**CONFIDENTIAL FULL AND FINAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

1. This Confidential Full and Final Settlement Agreement and General Release ("Release") is hereby entered by and between JENNIFER KAUFMAN, Individually and as Administrator of the ESTATE OF BRIANNA BAER, a minor, deceased; and as Co-Administrator of the ESTATE OF ABIGAIL KAUFMAN, a minor, deceased; and DAMIEN KAUFMAN, Individually and as Co-Administrator of the ESTATE OF ABIGAIL KAUFMAN, a minor, deceased, hereinafter referred to as "RELEASORS," and JETSON ELECTRIC BIKES, LLC.; TARGET CORPORATION; Lloyd's Syndicates AFB 2623 and AFB 623 subscribing to Policy Number B0180PN2101080 (primary); Lloyd's Syndicates AFB 2623 and AFB 623 subscribing to Policy Number B0180PN2104344 (excess); Certain Underwriters at Lloyd's of London subscribing to policy reference UMR B0180PN2202593; Southwest Marine and General Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA (NUFIC); AIG Claims, Inc.; Gallagher Bassett Services, Inc. and Sedgwick Claims Management Services Inc, and any of their past, present and/or future owners, officers, directors, shareholders, representatives, personal representatives, agents, members, employees, holding companies, corporate parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, re-insurers, excess insurers and attorneys, and as necessary to operate as a general release all other persons, firms, corporations or legal entities who are, may be or might have been claimed to be liable to RELEASORS for the claims and damages alleged in this ACTION or as a result of the INCIDENT, hereinafter collectively referred to as "RELEASEES."

2. RELEASORS commenced this lawsuit in the United States District Court for the Eastern District of Pennsylvania under docket No. 5:22-CV-03765-JFL, seeking to recover damages arising from injuries allegedly arising out of an incident that occurred on or about April

1, 2022 at 630 Linden Avenue, Hellertown, Northampton County, Commonwealth of Pennsylvania, 18055 (hereinafter referred to as "the ACTION"). The facts, transactions, and occurrences alleged or referred to in the Action are hereinafter referred to as the "INCIDENT."

3. RELEASORS and RELEASEES desire to provide for a full and final settlement and discharge of any and all claims, whether known or unknown, that have or may have been, or could be or could have been, asserted by RELEASORS against RELEASEES for alleged damages of any nature arising out of, which may have arisen out of or which will arise out of, the INCIDENT as it relates to RELEASORS and RELEASEES, and to release, compromise, settle, waive and discharge all and each of them from any and all liability to any person and/or entity including, but not limited to, claims for personal injury, death or property damage, subrogation, future claims for property damage, personal injury, emotional/psychological injury, death, medical expenses, loss of support, loss of income, loss of consortium, loss of earnings or earnings capacity and/or any other damages or losses as a result of the INCIDENT, whether or not alleged in the ACTION.

4. The settlement memorialized in this RELEASE resolves all claims, allegations and causes of action in the ACTION, and has as its express purpose the avoidance of further litigation and has been achieved without admission of liability or fault by RELEASEES or any other legal entity or natural person discharged by this RELEASE. Neither the settlement negotiations preliminary to final agreement nor the settlement agreement memorialized by this RELEASE is or shall be construed as an admission of liability, and all liability or fault as alleged in the ACTION has been contested and is denied. A purpose of the settlement memorialized by this RELEASE is to preclude any future litigation arising out of or relating to the INCIDENT that may result in RELEASEES being made a defendant, additional defendant, or third-party defendant on a direct or derivative claim or a claim for contribution and indemnity.

5. In consideration of the payment, promises, guarantees, and indemnity provided herein, RELEASORS hereby release and forever discharge RELEASEES who have been alleged to be, are or might be claimed to be liable for injury to RELEASORS, of and from any and all past, present or future actions, rights or causes of action, claims, damages, and demands whatsoever, including without limitation, any and all claims, including damages which at this time are unknown or unanticipated or that may develop in the future arising from the INCIDENT, which RELEASORS claim to have or hereafter may have, relating to or concerning the INCIDENT, including, but not limited to, claims for personal injury, death or property damage, subrogation, future claims for property damage, personal injury, emotional/psychological injury, death, medical expenses, loss of support, loss of income, loss of consortium, loss of earnings or earnings capacity and/or any other damages or losses as a result of the INCIDENT, whether or not alleged in the ACTION. This RELEASE operates as a final settlement and release of all claims and causes of action asserted or which could have been asserted by RELEASORS in the ACTION.

6. In consideration of the release, indemnity, warranties and following promises as set forth in this RELEASE, RELEASEES shall pay to RELEASORS the amounts described below (collectively, the "Payment"):

a. Lloyd's Syndicates AFB 2623 and AFB 623 subscribing to Policy Number B0180PN2101080 (primary); Lloyd's Syndicates AFB 2623 and AFB 623 subscribing to Policy Number B0180PN2104344 (excess); Certain Underwriters at Lloyd's of London subscribing to policy reference UMR B0180PN2202593; and Southwest Marine and General Insurance Company: $15,000,000.00 on behalf of JETSON ELECTRIC BIKES, within 45 days of receipt of the executed release;

b. TARGET CORPORATION: $10,000,000.00, within 30 days of receipt of the executed release;

c. National Union Fire Insurance Company of Pittsburgh, PA (NUFIC): $13,500,000.00 on behalf of TARGET CORPORATION, within 30 days of receipt the executed release.

7. Tender of payment by RELEASEES required herein cannot be accelerated, deferred, increased, or decreased by RELEASORS, or any payee, nor shall RELEASORS or any payee have the right, power, or authority to sell or mortgage or encumber same, or any part thereof, nor anticipate the same or any part thereof, by assignment or otherwise. The tender of proceeds as required by this RELEASE shall totally extinguish and satisfy the rights, responsibilities, and obligations of those RELEASEES on whose behalf tender is made.

8. The death of any RELEASOR following execution of this RELEASE shall not alter the rights or obligations of any RELEASOR or RELEASEE. This RELEASE shall remain in full force and effect. No further liability or exposure of RELEASEES shall arise in that or any other similar situation.

8. RELEASORS understand and agree that they waive any jury trial, verdict and all appeals related to the ACTION or the INCIDENT. RELEASORS shall ensure that an Order to Dismiss is entered by the Court prior to receiving the Payment described herein. The obligation of RELEASEES to make the Payment set forth above shall be discharged upon delivery of the settlement draft by counsel for RELEASEES.

9. All parties in the ACTION shall bear their own attorneys' fees, costs, expenses, and tax consequences arising out of the ACTION, the INCIDENT, and/or this RELEASE.

10. RELEASORS hereby warrant and agree that they fully understand that RELEASEES have no control over any change in the law, either by legislation or by any ruling of the Internal Revenue Service or any comparable governmental body or any state or provincial body which might result in a change in any portion of the Payment described herein being taxable to them, or their beneficiaries, children, heirs, executors, administrators, successors or assigns, and that RELEASEES shall have no liability or obligation in any manner arising out of the taxable

status of such payment. RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless from any claim relating to the taxable status of the Payment.

11. RELEASORS understand that RELEASEES made no representation and makes no representations as to any taxes owed on the settlement or tax consequences of settlement payments to RELEASORS who for any tax or legal advice has relied exclusively on their attorneys or professional advisors selected and consulted by RELEASORS.

12. It is hereby understood and agreed by RELEASORS that they shall fully defend, indemnify, hold and save RELEASEES forever harmless from and make RELEASEES whole concerning any claim or demand of any kind arising from any claim for contribution, indemnity or any claim for subrogation made by or on behalf of any individual, corporation, lien holder, mortgagor, mortgagee, attorney, physician, health care provider, insurance carrier, underwriter, taxing authority or governmental agency which has or may have asserted a lien, who is or may be owed a judgment, provided legal representation, medical care, paid benefits, or to whom spousal or child support is owed, past or future, or on behalf of anyone who will in the future provide representation or care or pay benefits to or on behalf of RELEASORS on account of the INCIDENT or alleged to be on account of the INCIDENT. RELEASORS further agree to fully defend, indemnify, hold and save RELEASEES forever harmless, and make RELEASEES whole concerning any costs or attorneys' fees RELEASEES incur in adjusting, defending or otherwise responding to any such claim or demand. RELEASORS shall satisfy from the payments referred to above any and all liens or judgments asserted, arising from any payment of benefits, the application of any taxes, the provision of medical or other health care or the payment of any benefits to or on behalf of RELEASORS, by any physician, health care provider, insurance carrier, governmental or private agency on account of the INCIDENT. Counsel for RELEASORS shall

ensure payment of any claims, liens, judgments, costs as described within this paragraph and/or release as may be found against RELEASEES, including counsel fees and costs, are satisfied by the Payment described herein prior to disbursement of any settlement funds.

13. Responsibility for Satisfaction of All Liens. RELEASORS represent and warrant that all bills, costs, or liens resulting from or arising out of all injuries or damages that are the result of the INCIDENT or the ACTION are RELEASORS' responsibility to pay. RELEASORS agree to assume responsibility for satisfaction of any and all rights to payment, claims or liens, of any kind, that arise or are alleged to have arisen from or are related to payments made or services provided to RELEASORS, or on such RELEASORS' behalf, and expenses, costs, or fees incurred in connection with the claims asserted by such RELEASORS related to all injuries that are the result of the INCIDENT including, without limitation, all subrogation claims, liens, or other rights to payment relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer, or other person or entity. RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless from any and all such claims, liens, and rights to payment, for past, present or future expenses, costs or fees, whether known or unknown. Specifically, if any governmental entity, or anyone acting on behalf of any governmental entity, seeks multiple damages, including double damages, or any other damages from any RELEASEES relating to payments by such governmental entity, or anyone acting by contract for such governmental entity, relating to injuries that are the result of the INCIDENT, RELEASORS shall fully defend, indemnify, hold and save RELEASEES, forever harmless from any and all such damages, claims, and rights to payments, including any attorneys' fees, sought by such entities or incurred in defending against such claims against such RELEASEES.

14. RELEASORS will fully defend, indemnify, hold and save RELEASEES forever harmless against and from any and every cause of action or claim, conditional payment, lien, demand, claim for subrogation, reimbursement or other interest, claim or action made by a person or entity claiming entitlement to a share of the settlement proceeds, claim or action which may be made or brought against any RELEASEES by any person, natural or legal, as an alleged holder of a right of subrogation, lien or other interest arising from or relating to the matters released and/or claim or action from any person or entity making a claim based upon or derived from their legal rights arising from or relating to the INCIDENT, the ACTION, the matters released and/or based on or arising from benefits paid to, on behalf of, or on account of injury sustained by RELEASORS as a result of the INCIDENT. This obligation to indemnify shall extend to and include a full and complete defense for RELEASEES including, but not limited to, attorney's fees, litigation expenses, taxed or assessed costs, and interest, and specifically includes, but is in no way limited to, any claims, potential claims or asserted rights to any settlement proceeds by Brianna Baer's natural father, JOSEPH BLOSE.

15. This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

16. RELEASORS represent and warrant that all bills, costs or liens resulting from or arising out of injuries that are the result of the INCIDENT are RELEASORS' responsibility to pay. RELEASORS agree to assume responsibility for satisfaction of any and all rights to payment, claims or liens of any kind, that arise from or are related to payments made or services provided

to or on such RELEASORS' behalf. RELEASORS agree to assume responsibility for all expenses, costs or fees incurred by RELEASORS related to all injuries that are the result of the INCIDENT including, without limitation, all Medicare conditional payments, subrogation claims, liens, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer or other person or entity. Further, RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless from any and all damages, claims and rights to payment, including any attorneys' fees, brought by any person, entity or governmental agency to recover any of these amounts.

17. While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the parties in order to resolve a disputed claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). The parties acknowledge and understand that any present or future action or decision by CMS or Medicare on this settlement, or RELEASORS' eligibility or entitlement to Medicare or Medicare payments, will not render this RELEASE void or ineffective, or in any way affect the finality of this settlement and RELEASE.

18. RELEASORS acknowledge their duty to cooperate with RELEASEES in order to allow the Responsible Reporting Entity(ies) to fulfill the obligation to comply with Section 111 of the Medicare, Medicaid, and SCHIP Extension Act ("MMSEA"). RELEASORS (or RELEASORS' attorneys) agree to provide RELEASEES with any and all information necessary for RELEASEES to comply with Section 111 of the MMSEA.

19. RELEASORS counsel promise to exercise due diligence in identifying, without limitation, all subrogation claims and liens relating to medical treatment or lost wages of their client(s) and will, further, disclose the results of such diligence, in writing to RELEASEES' counsel, and represent that RELEASORS will satisfy all identified subrogees or lienholders from the Payment.

20. RELEASORS and RELEASORS counsel represent and warrant that all legal expenses, bills, costs or contingency fee agreements resulting from or arising out of representation of RELEASORS by any attorney in relation to the INCIDENT or the ACTION are RELEASORS' responsibility to pay, and that any liens based on any legal expenses, bills, costs or contingency fee agreements incurred as a result of the INCIDENT or the ACTION will be satisfied by RELEASORS. RELEASORS will fully defend, indemnify, hold and save RELEASEES forever harmless from any and all such claims.

21. It is the intent of this RELEASE that RELEASORS, lienholders, and any other individuals, family members or entities with an interest in RELEASORS' claims shall not recover, directly or indirectly, any sums for the INCIDENT or the ACTION from RELEASEES other than the Payment received pursuant to this Release. If, despite the provisions of this paragraph, RELEASEES receive any claims including, but not limited to, a claim for subrogation or tax delinquency, contribution or indemnity arising out of a claim brought by RELEASORS against another person, RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless for such amount including attorneys' fees, expenses and costs that result. In the event a trier of fact determines (and all appeals are exhausted or the time for such appeals have expired) that RELEASEES are or would be liable for damages, subrogation or indemnity under any theory of law or equity, this RELEASE shall act as a General Release, releasing not only RELEASEES

but every other individual, trustee, firm, trust, corporation, or entity of any kind, who is or would been entitled to damages, a defense and/or indemnity from RELEASEES with respect to any liability that person, firm, or corporation may have to RELEASORS arising out of the INCIDENT or the ACTION.

22. If this settlement is ever determined by any court to be without effect because some necessary court approval was not obtained, or if RELEASEES are subjected to further legal action or claim which could not have been instituted or presented had proper court approval been obtained by RELEASORS, then RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless for any future loss, cost, or expense, including but not limited to, reasonable attorneys' fees and costs for defending, litigating and settling any such claim or action, and for any judgment resulting from any such claim or action. RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless from any future loss, cost, or expense, including but not limited to, reasonable attorneys' fees and costs for defending, litigating and settling any such claim or action, and for any judgment resulting from any such claim or action, should funds from the Payment described herein be unavailable.

23. RELEASORS represent and warrant that they have contacted and advised JOSEPH BLOSE, the father of BRIANNA BAER, a minor, deceased, of this ACTION, RELEASE, and the Payment.

24. RELEASORS have the sole right and exclusive authority to execute this RELEASE and to receive the Payment, and have accounted for and acknowledge that any interest that JOSEPH BLOSE may have in the Payment, if any, is the sole responsibility and obligation of RELEASORS. RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever

harmless for any claims, potential claims or asserted rights to any settlement proceeds made by Brianna Baer's natural father, JOSEPH BLOSE.

25. RELEASORS represent and warrant that they are not aware of any other person or entity, including but not limited to any parents, children, siblings, spouse or other heirs, who have or have had any interest in the claims, demands, obligations or potential causes of action referred to in this RELEASE and that RELEASORS have the sole right and exclusive authority to execute this RELEASE and to receive the Payment. RELEASORS further agree that they have not otherwise sold, assigned, transferred, conveyed, pledged, hypothecated or otherwise disposed of or encumbered any of the claims, demands, obligations or causes of action referred to in this RELEASE, or in the ACTION. Should it arise that any statement within this paragraph is not accurate and, as a result, some future claim or action is brought against RELEASEES, RELEASORS shall fully defend, indemnify, hold and save RELEASEES forever harmless from any such claims or actions.

26. The parties hereto recognize and acknowledge that the consideration and promises recited in this RELEASE, made and/or to be made to RELEASORS, are made on behalf of RELEASEES, and are accepted in full and final settlement and compromise of disputed claims, whether or not asserted in the ACTION.

27. RELEASORS acknowledge and agree that neither the Payment by RELEASEES nor the negotiations for this settlement and RELEASE by RELEASEES, their attorneys or other representatives, may be considered or construed to be admissions of liability of any type by RELEASEES, by whom any and all liability is expressly denied. RELEASORS further acknowledge and agree that no past or present wrongdoing on the part of RELEASEES may be

inferred from such negotiations or the Payment. It is further agreed that this RELEASE is intended to and does constitute a good faith settlement under all applicable provisions of Pennsylvania law.

28. RELEASORS shall not at any time hereafter commence, maintain or prosecute or cause, encourage or advise to be commenced, maintained or prosecuted any action, suit, proceeding or claim against RELEASEES based in whole or in part upon, arising out of, or in any way connected with, the INCIDENT, the ACTION, or any of the other matters released in this RELEASE. This RELEASE may be pleaded as a full and complete defense and may be used to request an injunction to any action, suit or other proceeding brought in breach of this RELEASE.

29. RELEASORS agree that this RELEASE shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. Furthermore, if any part or provision of this RELEASE should be held void or invalid, the parties shall jointly and severally take whatever steps are necessary to amend their RELEASE to give it the effect as originally intended.

30. RELEASORS represent and warrant that they have been fully advised by counsel, have read and understand this RELEASE, and fully and voluntarily agree with all of its terms and conditions. RELEASORS further represent and warrant that they have full authority and all necessary court approval to enter into this RELEASE.

31. This RELEASE contains the entire agreement and understanding among all parties hereto in regard to the matters set forth herein, and shall operate as a final statement and disposition of the disputes between RELEASORS and RELEASEES, whether or not alleged in the ACTION. No promise, agreement, statement, or representation not expressed herein has been made to or relied upon by either RELEASORS or RELEASEES with respect to the matters addressed in this RELEASE. This RELEASE supersedes all prior agreements, offers, demands, covenants,

arrangements, communications, and understandings whether oral or written, by any party or by any officer, employee, attorney, agent, or representative of any party.

32. RELEASORS agree and promise, as well as for their agents and representatives, and will instruct their legal counsel to maintain the terms and provisions of the settlement memorialized in this RELEASE as strictly confidential and subject to the terms outlined below within this paragraph, and will not publish, disclose or discuss the amount, terms or conditions of, or parties involved in the settlement with non-parties to the ACTION or any other individual or the media or disclose or release any information regarding this matter on the internet or in any form of media; provided that disclosure may be made, to the extent necessary: (i) to comply with state or federal law, including tax law; (ii) to satisfy contractual obligations to insurers; (iii) to inform and enable the professional advice of accountants or financial planners retained to assist RELEASORS, provided such financial advisers are informed about and agree to be bound to this confidentiality provision; (iv) an order of a court of competent jurisdiction; or (v) to enforce the terms of this RELEASE. If any person or entity attempts to compel RELEASORS or legal counsel for RELEASORS to provide information about the settlement then notice will be promptly given to counsel for RELEASEES to enable participation in any process or proceeding regarding disclosure of such information. RELEASORS agree the settlement payments are made in compromise of claims for damages on account of personal physical injury and the consequences of personal physical injury, and confidentiality mutually serves the privacy interest of all parties to the ACTION. The confidentiality agreement will preclude RELEASORS and their counsel from publishing the terms and amount of the settlement. Neither RELEASORS nor their counsel will utilize any identifiers, in any way in connection with the INCIDENT, the ACTION and/or documents produced during the course of discovery during the ACTION. RELEASORS and their

counsel also agree to continue to be bound by the terms of the Stipulated Protective Order in place in this ACTION. While RELEASORS represent that this RELEASE would not have been consummated absent the foregoing confidentiality provision, RELEASORS acknowledge that no portion of the settlement amount represents consideration for the mutual promise to maintain strict confidentiality of the Confidential Information. Rather, the RELEASORS agree that RELEASORS and RELEASEES' reciprocal promise to maintain confidentiality is the sole consideration given in exchange for that of the other.

33. RELEASORS and RELEASORS' attorneys agree that they will not take any action or make any statements, verbal or written, to any third-party that disparages or defames the RELEASEES with regard to, or arising from, the INCIDENT. By execution of this RELEASE, RELEASORS also direct their attorneys to adhere to the terms as stated in this Non-Disparagement Provision specifically with regard to the INCIDENT.

34. All terms and conditions of this RELEASE are material terms. No promise, agreement, statement or representation not expressly contained in this RELEASE has been made to or been relied by RELEASORS, and this RELEASE constitutes the entire agreement between and among RELEASORS and RELASEES, and fully supersedes any prior agreements or understandings.

35. Each clause or provision of this RELEASE shall be severable from every other clause or provision for the purpose of determining the legal enforceability of any specific clause or provision. To the extent a clause or provision is determined to be invalid or unenforceable, the clause's or provision's invalidity or unenforceability shall not affect the validity or enforceability of any other provision of this RELEASE. The invalidity or unenforceability shall attach to only

such clause or provision or part thereof and the remaining portions of the RELEASE shall remain in full force and effect.

36. RELEASORS acknowledges that they have read the terms, conditions, and provisions this RELEASE, sought the advice of legal counsel of his choice before signing, and affixed their signatures only after reading this entire document of fifteen (15) pages.

**THIS IS A RELEASE AND AFFECTS YOUR LEGAL RIGHTS. READ IT CAREFULLY.**

**IN WITNESS WHEREOF**, the undersigned have executed this RELEASE as their free act and deed, intending to be legally bound thereby, on the date set forth.

**SWORN TO AND SUBSCRIBED**

Before me this 22 day of June, 2023.

Christina M. Strickland

**NOTARY PUBLIC**

Commonwealth of Pennsylvania - Notary Seal
CHRISTINA M STRICKLAND - Notary Public
Northampton County
My Commission Expires October 21, 2025
Commission Number 1408955

*JENNIFER KAUFMAN, Individually and as Administrator of the ESTATE OF BRIANNA BAER, a minor, deceased; and as Co-Administrator of the ESTATE OF ABIGAIL KAUFMAN, a minor, deceased.*

**THIS IS A RELEASE AND AFFECTS YOUR LEGAL RIGHTS. READ IT CAREFULLY.**

**IN WITNESS WHEREOF**, the undersigned have executed this RELEASE as their free act and deed, intending to be legally bound thereby, on the date set forth.

**SWORN TO AND SUBSCRIBED**

Before me this 22 day of June, 2023.

Christina M. Strickland

**NOTARY PUBLIC**

Commonwealth of Pennsylvania - Notary Seal
CHRISTINA M STRICKLAND - Notary Public
Northampton County
My Commission Expires October 21, 2025
Commission Number 1408955

***DAMIEN KAUFMAN, Individually and as Co-Administrator of the ESTATE OF ABIGAIL KAUFMAN, a minor, deceased.***



17071529-1