UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————

| | |
|---|---|
| JENNIFER LEE KAUFMAN and DAMIEN W. KAUFMAN, *Individually and as Administrators of the Estates of Abigail Kaufman, a Minor, Deceased and Brianna Baer, a Minor, Deceased,*　　　　Plaintiffs, | : : : : : : |
| v. | : : No. 22-cv-3765 |
| JETSON ELECTRIC BIKES, LLC, and TARGET CORPORATION, Defendants. | : : : : |

———————————————————

## **O P I N I O N**

**Plaintiffs' Amended Petition for Approval of Settlement, ECF No. 96—Granted**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　**February 16, 2024**
**United States District Judge**

## I.　　INTRODUCTION

Jennifer Lee and Damien Kaufman, individually and as administrators of the estates of

Abigail Kaufman and Brianna Baer, have reached a settlement with Jetson Electric Bikes, LLC

and Target Corporation to resolve their claims brought pursuant to Pennsylvania's Wrongful

Death and Survival Acts.  On February 9, 2024, the Kaufmans filed an Amended Petition for

Approval of the Settlement because it involves the estate of Abigail and Brianna.  *See* Pls.' Pet.,

ECF No. 96.[1]  For the reasons that follow, the Court approves the settlement in full.

## II.　　LEGAL STANDARDS

Section 3323 of Pennsylvania's Probate, Estates and Fiduciaries Code requires court

approval for the settlement of claims brought by an estate.  *See* 20 Pa.C.S.A. § 3323(a).

---

[1]　　Petitioners filed a previous redacted Petition.  *See* ECF No. 84.  On January 23, 2024, this Court entered an Order directing the Petitioner to file an unredacted version of the Petition.  *See* ECF No. 94.  It is the later petition that is the subject of this Opinion.

Survival actions are among such claims.  *See Schuster v. Reeves*, 589 A.2d 731, 734 (Pa. Super. 1991).  "The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof."  *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. 1990).

"Wrongful death actions, in contrast, do not require court approval where the only beneficiaries are competent adults."  *Short v. Pavlides*, No. 2724 NOV. TERM 1993, 1999 WL 33932135, at *2 (Pa. Com. Pl. Apr. 16, 1999).  However, when "wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction."  *Moore*, 580 A.2d at 1141.  An order approving settlement may also "approve an agreement for the payment of counsel fees and other proper expenses incident to such action."  20 Pa. S.C.A. § 3323(b)(1).

In weighing the approval of such a settlement, courts in this jurisdiction have assessed the adequacy of the settlement, the reasonableness of the apportionment between the wrongful death and survival claims, and the reasonableness of attorney's fees.  *See Salas v. Goldenberg*, No. CV 22-2179, 2023 WL 8832422 (E.D. Pa. Dec. 20, 2023)*; see also Carter v. Wellpath LLC, No.*, 2:22-CV-01050-JDW, 2023 WL 6323095, at *1 (E.D. Pa. Sept. 28, 2023); *Leto v. Illum*, 2021 U.S. Dist. LEXIS 101243, at *3 (E.D. Pa. May 28, 2021).

## III. ANALYSIS

### A.    Adequacy of Settlement

"Section 3323 'contemplates a judicial inquiry into the propriety of a proposed compromise or settlement by the estate, whether or not it is contested, consistent with the court's supervisory jurisdiction over decedents' estates, and an adjudication based thereon."  *Romano v. United States*, 2020 U.S. Dist. LEXIS 235152, *5 (E.D. Pa. Dec. 15, 2020) (quoting *Krause v.*

*B&O R.R.*, 33 Pa. D. & C.3d 458, 466 (Pa. Ct. Comm. Pl. Dec. 7, 1983)).  To that end, the Court must engage in a frank assessment of the legal risks of the suit including the inherent risk of taking a case to trial.  *See Tamasy v. Yough Sch. Dist.*, No. 2:18-CV-01236-NR, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019).  In determining the adequacy of the settlement, the Court gives "'considerable weight' to the consensus of parties represented by counsel because the lawyers and parties are closer to the case and have a better handle on the risks and upsides of the litigation."  *Carter*, 2023 WL 6323095, at *1 (quoting *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017)).

Having reviewed the petition and its accompanying exhibits, the Court finds the parties have reached a substantial settlement after thoroughly litigating the case and engaging in significant discovery.  Further, the Court notes that the agreement was reached as a result of settlement negotiations facilitated by a third party in Magistrate Judge Pamela Carlos.  *See Tamasy*, 2019 WL 5864893, at *2 (noting that "deference is particularly appropriate here, because the parties reached their proposed settlement through mediation before a third-party neutral.").  The Court has no reason to second guess the party's evaluation of the case. Particularly whereas here, the matter was settled for a considerable sum.

### B.    Apportionment of Settlement

"Pennsylvania policy favors wrongful death beneficiaries over estate beneficiaries." *Smith v. Sandals Resorts Int'l, Ltd.*, 709 F. Supp. 2d 350, 359 (E.D. Pa. 2010).  "Wrongful death damages are established for the purpose of compensating the spouse, children, or parents of a deceased for pecuniary loss they have sustained as a result of the death of the decedent."  *Kiser v. Schulte*, 648 A.2d 1, 4 (Pa. 1994).  Survival actions, on the other hand, are intended to "recover the loss to the estate of the decedent resulting from the tort."  *Id.*

Having considered these principles, the Court approves the proposed settlement's allocation of 80% to the wrongful death claim and 20% to the survival claim for both Abigail and Brianna. While the survival claim is allotted the lesser portion, such is the typical of these matters as reflected in the policy of the Commonwealth. Further, a smaller percentage is reasonable here as the Decedents were found non-responsive when rescued from the fire and never regained consciousness. *See* Pls.' Pet. ¶ 29. The information provided also reflects relatively little in the way of medical bills and liens to be paid out of the estate. *See id.* Ex. L. The wrongful death claim, on the other hand, is apportioned a larger portion of the settlement which is consistent with Plaintiffs' showing of pecuniary loss upon the Decedents' passing. *See id.* Exs. H-I. Finally, the Court notes that the Pennsylvania Department of Revenue has offered no objections to the allocation of the settlement. *See id.* Ex. G.

### C.      Counsel Fees

Finally, the Court approves of the legal costs and expenses as well as the attorney's fees as proposed in the settlement. With regard to legal costs and expenses, Plaintiffs' Counsel has provided a full accounting which reflects the time and effort placed into substantiating their claims with expert support and through comprehensive discovery. *See id.* Ex. O.

Plaintiffs' counsels' contingency rate is forty percent. This is within the range normally accepted in these matters. *See In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[I]n private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery."). While the sum is substantial, it reflects the significant time and resources these skilled attorneys invested into litigating this matter and the risk they undertook in doing so. Further, "[w]hen addressing the reasonableness of attorney's fees, 'courts should also be reluctant to disturb

contingent fee arrangements freely entered into by knowledgeable and competent parties.'"

*Carter*, 2023 WL 6323095, at *2 (quoting *Ryan v. Butera, Beausang, Cohen & Brennan*, 193

F.3d 210, 215 (3d Cir. 1999)).

## IV.    CONCLUSION

For the reasons set forth above, the Court approves the proposed settlement agreement

and its allocation.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge